IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SANDY DICKERSON #1483568 | § | |
| v. | § | CIVIL ACTION NO. 9:11cv78 |
| DR. OWEN MURRAY, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Sandy Dickerson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint and at an evidentiary hearing, Dickerson said that beginning in August of 2008, he began seeing medical personnel for a hernia, which was causing him "excruciating pain." He was referred to the hospital in Galveston, but the referral was denied. In October of 2008, a physician named Dr. Porras found a two-inch reducible umbilical hernia. Dr. Porras concluded that Dickerson's testicles were normal and not tender; Dickerson says that this mis-diagnosis caused him to experience "extended pain and suffering."

On October 13, 2008, the medical practice manager refused Dickerson a referral to Galveston or the local hospital, saying that a reducible hernia "is not a necessary referral problem." Dickerson's testicles swelled up and became extremely painful around January 1, 2009; he saw a nurse the next day, who gave him an ice pack and a referral to a provider.

1

On January 5, 2009, Dickerson saw Dr. Zond.  He states that Dr. Zond refused to perform a physical exam, but did find that his urinalysis was positive for blood.  Although Dr. Zond determined that Dickerson had hemorrhoids, Dickerson says that this was "fabricated."  Two days later, however, Dickerson received an emergency referral to the hospital in Galveston for his swollen testicles.

On January 11, 2009, Dickerson stated that he was erroneously discharged from the hospital without surgery, but instead received only an antibiotic, which did not help.  Over the next several months, he returned to the hospital in Galveston on a number of occasions, and saw medical personnel on dozens of occasions.  Hydrocele surgery was performed to relieve the pain in his testicles on April 27, 2009, and he has been seen a number of times since then for his hernia; however, the medical people have consistently concluded that the hernia is reducible and no surgical intervention is required.

In his lawsuit, Dickerson complained that he was subjected to deliberate indifference to his serious medical needs through a 117 day delay in performing surgery on his testicles, and through the failure to perform surgery on his hernia.  After reviewing the evidence and testimony, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed.  The Magistrate Judge noted that deliberate indifference "is an extremely high standard to meet," requiring a showing that the prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  Domino v. TDCJ-ID, 239 F.3d 752, 756 (5th Cir. 2001).

In the present case, the Magistrate Judge concluded that the fact that Dickerson complained of the condition in early January and did not get surgery until late April did not show that any of the defendants were deliberately indifferent to Dickerson's serious medical needs; the medical records showed that Dickerson received on-going care, evaluation, and treatment, albeit not as effective as Dickerson would have liked.  The Magistrate Judge also determined that Dickerson's claims against

the supervisory officials, which he added at the evidentiary hearing, did not set out valid causes of action.

The Magistrate Judge also noted that Dickerson had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted, and so he was subject to the three-strikes bar of 28 U.S.C. §1915(g). The Magistrate Judge reviewed the pleadings and testimony and determined that Dickerson did not show that he was in imminent danger of serious physical injury at the time that he filed his lawsuit. Thus, the Magistrate Judge recommended that the lawsuit be dismissed as frivolous and that Dickerson's *in forma pauperis* status be revoked.

Dickerson filed objections to the Magistrate Judge's Report on March 12, 2012. In his objections, Dickerson first takes issue with some of the dates recited by the Magistrate Judge, and argues that he did not see Dr. Zond on April 30, 2009, as the Report indicated. Dickerson next points out that when the evidentiary hearing was first scheduled, in December of 2011, the Magistrate Judge had a schedule conflict before the hearing could be completed and so the hearing had to be re-scheduled. Dickerson does not dispute that the hearing was in fact re-scheduled. These contentions do not show any basis upon which to reject the Magistrate Judge's Report.

Next, Dickerson asserts that he suffered permanent injury because he is now sterile. He does not indicate how he knows this to be true. He again takes issue with dates, saying that he was seen in the urology department on April 7 and April 20, 2009, and was denied surgery both times, although he acknowledges that he did have surgery, as the Magistrate Judge said, on April 27, 2009.

Dickerson states that "anyone in their right mind" would know that it is wrong to force someone to live for 117 days with swollen testicles. He objects to notations in the medical records recounted by the Magistrate Judge, such as one saying that Dickerson had been standing and walking without difficulty; in fact, Dickerson says, he was sitting and walking with difficulty. He also denies making some of the statements attributed to him by entries in the medical records. The Magistrate

Judge did not find that Dickerson had made those statements, but simply recounted the contents of the medical records.

With respect to the Magistrate Judge's legal analysis of claims, Dickerson again contends that he suffered irreversible, permanent injury. He says that he was repeatedly denied treatment by the doctors in Galveston even after they saw his condition, and says that the hospital gave him surgery only after he contacted outside assistance, including a state senator. Dickerson says that testimony at the December evidentiary hearing, to the effect that "when a person's testicles swell up, a lot of things can happen to them" is itself proof that the doctors in Galveston were deliberately indifferent to his serious medical needs. Dickerson also argues that a letter which he has from the Polunsky Unit practice manager saying that it is up to the medical director at the unit to determine if surgery is necessary "clearly shows deliberate indifference and that this lawsuit has merit."

Next, Dickerson says that he is in the custody of the Director of TDCJ and the warden of the unit, and "their duty is to provide me adequate and prompt medical care." He adds that University of Texas Medical Branch Director Allen Hightower has a contract with TDCJ and a duty to provide him with prompt and adequate medical care.

With regard to the "three strikes" provision of 28 U.S.C. §1915(g), Dickerson says that he does not believe that he filed more than two previous lawsuits while incarcerated in the Tarrant County Jail, and he does not believe that he filed an appeal. He also says that he is in imminent danger because he is now erectile-dysfunctional and is "messed up" and injured for the rest of his life.

As the Magistrate Judge determined, Dickerson received a considerable amount of medical care. He was seen by medical providers on numerous occasions, including several trips to the hospital in Galveston. While it is true that he waited from January 2, when he first saw medical personnel about his swollen testicles, to April 27, when he had surgery for the hydrocele causing this condition, neither this period of time nor the pain which Dickerson doubtless experienced show that any of the named Defendants were deliberately indifferent to his serious medical needs. *See* <u>Fenlon</u>

4

v. Quarterman, civil action no. 6:07cv532, 2008 WL 637627 (E.D.Tex., March 5, 2008, *aff'd* 350 Fed.Appx. 931, 2009 WL 3444778 (5th Cir., October 26, 2009) (delays in performing surgery on an abdominal aneurysm and a malignancy did not amount to deliberate indifference); Kirven v. Thaler. 428 Fed.Appx. 342, 2011 WL 2268144 (5th Cir., June 9, 2011) (15-month delay in surgery, resulting in amputation of toe, was not deliberate indifference where prisoner received "on-going medical evaluation and treatment"). The Magistrate Judge observed that as in Kirven, Dickerson received on-going medical evaluation and treatment. The fact that Dickerson claims to have suffered a permanent injury also does not itself show that he was subjected to deliberate indifference. Kirven, 428 Fed.Appx. 342 (amputation of toe); *cf.* Bowie v. Procunier, 808 F.2d 1142 (5th Cir. 1987) (negligence which does not rise to the level of deliberate indifference fails to set out a constitutional claim even where serious injury - the loss of an eye - occurs); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999) (inmate's death from bedsores did not show that he had been the victim of deliberate indifference). Dickerson's objections in this regard are without merit. The nurse's testimony at the December hearing, to the effect that "a lot of things can happen when a person's testicles swell up" does not show that the defendants in this case were deliberately indifferent to Dickerson's medical needs.

Dickerson's assertions that TDCJ Director Rick Thaler, Warden Simmons, and UTMB Director Hightower should be liable to him lacks merit because as the Magistrate Judge correctly determined, the doctrine of *respondeat superior* generally does not apply in Section 1983 cases, and Dickerson has not shown any basis for supervisory liability. His objections argue that these persons should be liable to him because of their positions of authority, which is a classic claim of *respondeat superior* liability. This objection is without merit.

The Magistrate Judge set out the three previous cases which Dickerson had filed which were dismissed as frivolous or for failure to state a claim. Dickerson says that "to the best of my knowledge and understanding I have never filed no more than two of those 42 U.S.C. §1983 forms while being incarcerated in the Tarrant County Jail." The docket sheet in each of those three prior

cases shows Dickerson's TDCJ number and address and the handwriting in each of those three cases appears to match the handwriting on Dickerson's grievances in the present case. The court records clearly show that Dickerson filed all three of those prior cases which were dismissed as frivolous or for failure to state a claim upon which relief may be granted, and Dickerson's objection on this point is without merit.

Dickerson also objects because his injury is not "old," saying that he never had any problems with getting an erection until after the surgery and the 117 days of having his testicles swollen; thus, he says that it is not a "past harm." As the Magistrate Judge concluded, however, Dickerson has not shown that he was in imminent danger of serious physical injury at the time that he filed his lawsuit, and so the Section 1915(g) exception did not apply. Dickerson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings, records, and testimony in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections have no merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 43) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that the Plaintiff Sandy Ray Dickerson's *in forma pauperis* status is hereby REVOKED. The revocation of this status shall have no effect upon the collection order entered on September 27. 2011. It is further

ORDERED that a copy of this order shall be sent to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **16** day of **April, 2012.**

_____
Ron Clark, United States District Judge